## HEIDMAN v WITTMAN

Ohio Appeals, 6th Dist, Lucas Co

No 2813. Decided Dec 11, 1933

Arthur P. Feinberg, Toledo, for plaintiff.

Clarence Applegate, Toledo, and Charles A. Heider, Toledo, for defendant.

**OPINION**

By THE COURT

After making a careful examination of the evidence in this case, we find that the note, defendant's exhibit No. 3, was never delivered to the payee named therein, nor to any one acting as her agent, and that the evidence shows that the promissory note, exhibit No. 4, which is secured by mortgage, is wholly without consideration and void, and we further find that the whole plan or scheme was one for the settlement of a felony charge against Forest Parker and for his release from custody. The charge is shown on the criminal docket of the justice court in Monroe, Michigan, under title of "People v F. O. Parker," and that docket shows this entry:

"Settlement made. Released on payment of court costs."

It is not necessary that it be proven that there was an express contract to stifle prosecution. In order to invalidate a contract for that reason, it is sufficient if it appears from all the evidence that there was an agreement or understanding between the parties that the felony was to be compounded and the criminal case settled. In our judgment the record discloses such a state of affairs, and the contract is therefore illegal.

We desire to state, however, that none of the attorneys connected with the case conducted himself in an improper or dishonorable way but that the conduct of each attorney connected with the transaction was at all times highly honorable and professional.

Judgment and decree for plaintiff.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.